IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DANNY EROMOSELE ILUOBE SR.**                                             **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO.: 3:26-cv-2-MPM-JMV**

**EXPERIAN INFORMATION SYSTEMS, INC.**                         **DEFENDANT**

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the court on Plaintiff Danny Eromosele Iluobe's Motion for Reconsideration. [Doc. No. 5]. Plaintiff seeks reconsideration of the Court's order denying his motion to proceed in forma pauperis. [Doc. No. 4].

Plaintiff filed his case and motion to proceed IFP on January 5, 2026. [Doc. 1]. Plaintiff used the IFP application form provided on the Court's website. Plaintiff's IFP motion stated that he receives approximately $6,056 per month in income split between retirement benefits and Social Security disability benefits, that he has $248 in his checking or saving accounts, that he owns one motor vehicle and no real property, financial instruments or other items of value. [Doc. 2]. Against these assets, Plaintiff listed $4,969 in monthly expenses and a $500 alimony debt.[1] As Plaintiff's stated income exceeded his monthly expenses by approximately $1,000, the undersigned found that Plaintiff should be able to pay the filing fee without experiencing undue financial hardship that would render him destitute and unable to provide for the necessities of life, and denied Plaintiff's motion to proceed IFP. Plaintiff was instructed to pay the filing fee within 14 days of the date of the Order, or the undersigned would recommend dismissal of the cause of action.

---

[1] Several of Plaintiff's listed expenses such as those for his phone, cable, lawn, and YMCA membership likely do not qualify as necessities of life, but nonetheless are included in the total expenses.

On January 15, 2026, Plaintiff filed the present motion requesting that the Court reconsider the denial of his motion to proceed in forma pauperis. [Doc. 5]. In it, Plaintiff states that he does not dispute the income figures he stated in his IFP application, but notes that those figures reflect "gross income" not "disposable income". This argument has little merit. "Section 1915 is designed to protect those litigants who suffer true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner." *Davis v. Tisdale*, No. 1:25-CV-00039-LG-BWR, 2025 WL 1914400, at *3 (S.D. Miss. Apr. 3, 2025), report and recommendation adopted, No. 1:25CV39-LG-BWR, 2025 WL 1779562 (S.D. Miss. June 27, 2025). Plaintiff's income is over 4.5 times the poverty guidelines set by the Department of Health and Human Services, one measure courts have used to determine what level of income constitutes poverty for Section 1915. *See Shepard v. U.S. Postal Inspection Serv.*, No. 2:21-cv-00106-KS-MTP, 2021 WL 3828736, at *1 (S.D. Miss. Aug. 6, 2021) (collecting cases), report and recommendation adopted, 2021 WL 3828442 (S.D. Miss. Aug. 26, 2021). As Plaintiff presents no change in controlling law and no new evidence, Plaintiff provides no support for the Court to reconsider its previous order applying the law.

THEREFORE, IT IS ORDERED that Plaintiff's Motion for Reconsideration is **denied**. Plaintiff is given an additional 21 days from the date of this order, or through Monday, February 23, 2026, to pay the filing fee. Failure to do so will result in the undersigned recommending dismissal of this matter.

**SO ORDERED**, this, the 2nd day of February, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**