## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**DANNY EROMOSELE ILUOBE, SR.**                                                    **PLAINTIFF**

**v.**                                                                 **No. 3:26-cv-00002-MPM-JMV**

**EXPERIAN INFORMATION SOLUTIONS, INC.**                              **DEFENDANTS**

### ORDER OF DISMISSAL

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Jane M. Virden entered on February 26, 2026 [7]. The R&R recommends that the Court dismiss Plaintiff Danny Eromosele Iluobe, Sr.'s Complaint for failure to pay the filing fee and comply with a court order. The Court has reviewed the record and finds that the R&R should be adopted.

On January 5, 2026, Mr. Iluobe filed this *pro se* action against Experian Information Solutions, Inc. [1]. At the same time, he filed a motion to proceed *in forma pauperis* [2]. Magistrate Judge Virden denied that motion after determining that Mr. Iluobe had not shown that paying the filing fee would render him destitute and unable to pay for the necessities of life [4]. The Court ordered Mr. Iluobe to pay the filing fee within fourteen (14) days in order to proceed with this action. *Id.* He did not do so.

After Mr. Iluobe failed to comply with that order, Magistrate Judge Virden issued a Report and Recommendation, recommending dismissal of this action without prejudice [7]. The R&R advised Mr. Iluobe that he had fourteen (14) days to file written objections under L. U. Civ. R. 72(a)(3). *Id.* Mr. Iluobe did not file any objections, and the R&R, and to this date, he has failed to pay the court filing fee.

Federal Rule of Civil Procedure 41(b) "authorizes a district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." [7] (citing *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018)). A litigant's *pro se* status does not excuse compliance with court orders or procedural rules. As the Fifth Circuit has explained, "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* (citing *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019)). Courts in this district routinely dismiss actions without prejudice when a plaintiff fails to pay the filing fee or comply with a court order. *See*, *e.g.*, *Gardner v. Cain*, No. 3:24-cv-28-GHD-DAS, 2024 WL 715043, at *1 (N.D. Miss. Feb. 20, 2024). Therefore, because Mr. Iluobe failed to pay the required filing fee and failed to comply with the Court's orders, dismissal without prejudice is appropriate.

IT IS, THEREFORE, ORDERED that:

1. The Report and Recommendation [5] is ADOPTED as the opinion of the Court; and

2. Plaintiff Danny Eromosele Iluobe, Sr.'s Complaint [1] is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate judgment will be entered on this date, pursuant to Fed. R. Civ. P. 58.

SO ORDERED this the 16th day of March, 2026.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI